UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:05CV-00134-JHM

GRANGE MUTUAL CASUALTY COMPANY                    PLAINTIFF

V.

RONALD LEE KERR                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Grange Mutual Casualty Company's motion for summary judgment under Fed. R. Civ. P. 56 on (1) its claim for a declaration that it is not obligated to pay Defendant Ronald Kerr for a loss sustained in a house fire; and (2) Defendant's counterclaim for bad faith under Kentucky's Unfair Claims Settlement Practices Act ("KUCSPA") as set forth in K.R.S. 304.12-230, *et seq*.  Plaintiff also seeks compensatory damages, including the reasonable costs and expenses of this litigation, pursuant to K.R.S. 304.47 – 020(3).  The Defendant has failed to file a response to the motion.  For the reasons that follow, Plaintiff's motion is **GRANTED**.

## I. BACKGROUND

Defendant Ronald Lee Kerr ("Kerr") had an insurance policy with Grange Mutual Casualty Company ("Grange") for his home at 1682 Cave Mill Road, Leitchfield, Kentucky.  On September 19, 2004, that home was destroyed by fire.  About a month after the fire, the Kentucky State Police contacted Grange to request Kerr's Contents-Loss

1

Sheet and to inform Grange that the fire was caused by arson.  Naturally, Grange attempted to determine if Kerr was the culprit.  After conducting an Examination Under Oath of Kerr on January 13, 2005 and of his ex-wife, Heather Kerr, on February 8, 2005, Grange found the evidence insufficient to implicate the Defendant.  It therefore initially approved his claim.

On February 24, 2005, Kerr submitted his Sworn Statement in Proof of Loss, prompting Grange to make an offer to pay for the balance of his mortgage and part of his personal property, which Kerr accepted.  Prior to paying in full, however, Grange discovered that Kerr had listed items on his Claims Content-Loss Worksheet that were not in his home at the time of the fire.  As a result, it filed this action for a Declaration of Rights and Damages against Kerr on the theory that he intentionally concealed the items and thereby vitiated his contract.  Kerr filed an Answer and Counterclaim alleging that Grange's delay in paying his claim violated the Kentucky Unfair Claims Settlement Practices Act, K.R.S. 304.12-230, *et seq*.

On September 19, 2005, the Kentucky Commonwealth Attorney's office filed criminal charges against Kerr for arson, burning personal property to defraud his insurer, fraudulent insurance acts with an aggregate value over $300.00, and wanton endangerment related to the destruction of his house.  On December 19, 2005, Kerr was indicted on all charges.  This action was stayed on March 9, 2006, pending the result of that proceeding.  On January 29, 2008, Kerr pled guilty under North Carolina v. Alford 400 U.S. 25 (1970) to the felony charge of fraudulent insurance acts with an aggregate

value over $300.00; in exchange, the rest of the charges were dropped. See K.R.S. §
304.47-020.  The instant motion followed.

## II. STANDARD OF REVIEW

To grant a motion for summary judgment, the Court must find that the pleadings,
together with the depositions, interrogatories and affidavits, establish that there is no
genuine issue of material fact and that the moving party is entitled to judgment as a matter
of law. Fed. R. Civ. P. 56.  The moving party bears the initial burden of specifying the
basis for its motion and of identifying that portion of the record which demonstrates the
absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322
(1986).  Once the moving party satisfies this burden, the non-moving party thereafter
must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v.
Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the
non-moving party, the non-moving party is required to do more than simply show there is
some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith
Radio Co., 475 U.S. 574, 586 (1986).  The rule requires the non-moving party to present
"specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  "The
mere existence of a scintilla of evidence in support of the [non-moving party's] position
will be insufficient; there must be evidence on which the jury could reasonably find for
the [non-moving party]." Anderson, 477 U.S. at 252.

# III. DISCUSSION

Grange argues that it is not obligated to pay Kerr for the loss sustained in the 2004 house fire at 1682 Cave Mill Road, Leitchfield, Kentucky, because Kerr violated the insurance policy's "Concealment or Fraud" provision; that Defendant's counterclaim for bad faith under KUCSPA should be dismissed because there was and is a reasonable basis in law or fact for denying Kerr's claim; and that it is entitled to compensatory damages including the reasonable costs and expenses of this litigation pursuant to K.R.S. 304.47 – 020(3) because Kerr pled guilty to a criminal charge of insurance fraud stemming from the same events.  The Court considers these arguments in turn.

A. Grange's Obligation to pay Kerr under the Policy

Kentucky law provides that the rights of parties to an insurance policy are determined exclusively by the terms of the policy unless those terms are contrary to existing law or public policy. Interstate Ins. Group v. Musgrove, 11 Fed. Appx. 426, 427-28 (6th Cir. 2001).  As the Kentucky Supreme Court has explained, "an insurance policy is a contract, and insofar as it does not contravene the law any recovery against the insurance company is governed solely by its terms." State Farm Mutual Ins. Co. v. Fireman's Fund American Ins. Co., 550 S.W.2d 554, 557 (Ky. 1977); see also Masler v. State Farm Mutual Auto. Ins. Co., 894 S.W.2d 633, 636 (Ky. 1995) ("The terms of an insurance policy are held to be enforceable as written absent a statute to the contrary."). Here, there is no suggestion that the terms of Kerr's insurance policy with Grange are contrary to Kentucky law; the Court will therefore enforce the agreement as written.

4

The policy states that it will be void if, before or after a loss, an insured has: (a) intentionally concealed or misrepresented any material fact or circumstance; (b) engaged in fraudulent conduct; or (c) made false statements with regard to this insurance, including procurement of this policy. See Homeowner's Policy # GH8821553.  Grange argues that Kerr violated this provision by making statements in his February 24, 2005, Sworn Statement in Proof of Loss and his Contents-Loss Worksheets that were intentionally false for the purpose of obtaining compensation for items that he knew were not destroyed in the fire.  In support of this claim, Grange says that Kerr "admitted mistakes were made on the contents sheets including the overvaluing of items" in a May 23, 2005 letter; it also says that "the Kentucky State Police located and documented numerous other items that Mr. Kerr had listed as lost on the Contents-Loss Worksheet." (Plaintiff's Brief, p. 6).

The only evidence presented by Grange in support of the above allegations is the contents-loss worksheet submitted by Kerr, his sworn statement in support of his proof of loss and his guilty plea to the felony charge of fraudulent insurance acts.  Grange concedes that, under Kentucky law, a guilty plea is not "conclusive evidence" of civil liability. See Conley v. West, 2009 WL 563537, *2 (Ky. Ct. App. 2009).  However, it is sufficient evidence for summary judgment purposes to shift the burden to Kerr to show the existence of genuine issues of fact sufficient to warrant a trial.  Kerr has failed to respond in any fashion to this motion.  By choosing not to rebut or explain his Alford-style guilty plea, Kerr has failed to carry his burden of showing a genuine issue of

material fact for trial.   Accordingly, the Court finds that summary judgment for the Plaintiff on its claim for a declaration of rights is proper.

B. Unfair Claims Settlement Practices Act

Grange also seeks summary judgment on Kerr's claim that it violated the Unfair Claims Settlement Practices Act by refusing to pay him for the loss caused by the 2004 house fire.  To state a claim for bad faith under the KUCSPA, an insured must prove (1) that the insurer was obligated to pay; (2) that the insurer lacked a reasonable basis in law or fact for denying the claim; and (3) that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such basis existed. K.R.S. 304.12-230, *et seq*; <u>Federal Kemper Ins. Co. v. Hornback</u>, 711 S.W.2d 844, 847 (Ky. 1986) (Leibson, J., dissenting) (adopted by incorporation in <u>Curry v. Fireman's Fund Ins. Co.</u>, 784 S.W.2d 176, 178 (Ky. 1989)); <u>see</u> <u>also</u> <u>Rawe v. Liberty Mutual Fire Insurance Co.</u>, 462 F.3d 521, 532 (6th Cir. 2006).

Here, Kerr's claim fails for at least two reasons.  First, and most fundamentally, Grange cannot be liable for refusing to pay Kerr in bad faith because it had no obligation to pay him at all in light of Kerr's fraudulent conduct. <u>See</u> part III.A *supra*.  Second, even if the insurance policy was enforceable, Kerr's counterclaim for bad faith under the KUCSPA would still fail because the report of arson, combined with the evidence supporting the multiple indictments against Kerr, provided Grange with a reasonable basis in fact for denying his claim. <u>Cf.</u> <u>Houchin v. Allstate Indem. Co.</u>, 2008 WL 4372900, *2 (W.D. Ky. 2008) (finding that "there are clearly facts to support a belief that

the Plaintiffs had something to do with causing their house fire. The indictments alone establish that and the convictions further support it . . . . Thus, coverage is fairly debatable on the facts and a bad faith claim for failure to pay cannot be maintained."). The Court will therefore grant Grange's motion for summary judgment on Kerr's KUCSPA claim.

C. Insurance Fraud Damages, K.R.S. 304.47 – 020(3)

This leaves Grange's request for costs and expenses pursuant to K.R.S. 304.47 – 020(3). Under that provision, "[an insurer] damaged as a result of a violation of any provision of this section when there has been a criminal adjudication of guilt shall have a cause of action to recover compensatory damages, plus all reasonable investigation and litigation expenses, including attorney's fees[.]" K.R.S. 304.47 – 020(3); K.R.S. 304.1 – 020. That is exactly the situation presented here. Grange has, for obvious reasons, been damaged by Kerr's fraudulent conduct; and Kerr's <u>Alford</u>-style guilty plea to insurance fraud under K.R.S. § 304.47-020 is, the Court concludes, a "criminal adjudication of guilt" for purposes of the statute. <u>Id.</u>; <u>see generally</u> <u>Hall v. MLS National Medical Evaluations, Inc.</u>, 2006 WL 2367139, *5 (E.D. Ky. 2006) (interpreting the phrase "criminal adjudication of guilt" as "a criminal conviction"); Black's Law Dictionary (8th ed. 2004) (defining "conviction" as "[t]he act or process of judicially finding someone guilty of a crime."); <u>Pettiway v. Commonwealth</u>, 860 S.W.2d 766, 767 (Ky. 1993) (explaining that "[a]n <u>Alford</u> plea is a 'plea of guilty,' regardless of any denial of underlying facts, and clearly constitutes a criminal conviction."). Accordingly, the Court will award Grange compensatory damages, attorney's fees, and all other reasonable

7

expenses incurred during the investigation and litigation of the instant action.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is **GRANTED**. **IT IS HEREBY ORDERED** that Grange shall file within 30 days from the date of entry of this Order documentation in support of its claim for damages, costs and attorneys' fees along with a proposed final judgment incorporating said amounts.

cc. Counsel of Record
    Defendant, pro se